THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SAMUEL ENCARNACION-NIEVES**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 22-1081 (ADC)**<br>**[Related to Crim. No. 18-597-18 (ADC)]** |

**OPINION AND ORDER**

Samuel Encarnación-Nieves ("petitioner") filed a *pro se* petition for relief under 28 U.S.C. § 2255 ("petition"), **ECF No. 1**. For the following reasons, the petition is **DENIED**.[1]

**I.   Procedural and factual background**

Petitioner "was a Puerto Rico Police Officer that abused his position of public or private trust." **Crim. No. 18-597, ECF No. 1532** at 6. He coordinated a large-scale importation of controlled substances from the United States for further distribution in several (at least ten) municipalities of Puerto Rico, all for a significant gain and profit. **Crim. No. 18-597, ECF No. 3** at 5.

On September 18, 2018, petitioner, along with 38 other co-defendants, were charged in a multicount Indictment. **Crim. No. 18-597, ECF No. 3**. Petitioner was charged with conspiracy to

---

[1] The case is summarily dismissed pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. *Carey v. United States*, 50 F.3d 1097, 1098 (1st Cir. 1995).

possess with intent to distribute 100 grams or more of heroin, 5 kilograms or more of cocaine, 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (Count One); and aiding and abetting possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count Three). *Id*.

On August 29, 2019, petitioner pleaded guilty to Count One of the Indictment. **Crim. No. 18-597, ECF No. 714.** The parties agreed to a sentence of 120 months of imprisonment pursuant to the mandatory statutory minimum for the charge. *Id*., at 5. On January 28, 2021, pursuant to the plea agreement, petitioner was sentenced to 120 months of imprisonment, followed by 5 years of supervised release. **Crim. No. 18-597, ECF No. 1302**.

On February 7, 2022, petitioner filed the instant petition. **ECF No. 1**. On August 2022, petitioner also filed a memorandum of law and a reply to the government's response. **ECF Nos. 5, 8**. On September 27, 2022, the government responded. **ECF No. 6**.

## II.    Legal Standard

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470,

474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under § 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id*.

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). This standard is "highly deferential" and courts "indulge a strong presumption that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Walker v. Medeiros*, 911 F.3d 629, 633 (1st Cir. 2018) (citing *Strickland*, 466 U.S. at 689).

The second prong requires that defendant "show that the deficient performance prejudiced the defense, which requires proof that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Jaynes v. Mitchell*, 824 F.3d 187, 196 (1st Cir. 2016).

Generally, failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012). Thus, the petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996).

## III. Discussion

Petitioner argues that his trial counsel was ineffective during plea negotiations and sentencing in violation of his Sixth Amendment right, U.S. Const., Amend. VI, to effective assistance of counsel. **ECF Nos. 1** at 6. Specifically, he argues that counsel was constitutionally ineffective inasmuch as he induced petitioner to enter into a plea agreement "not knowing and voluntary." *Id.*, at 6-7. Moreover, petitioner posits that counsel failed to raise objections during sentencing to the amount of drugs attributed to him and to the length of his sentence. *Id.*, at 7-8; **ECF No. 5** at 3-11. Petitioner also argues that counsel failed to seek a sentence below the mandatory minimum pursuant to the First Step Act and, ultimately that he received a sentence higher than the one received by similarly situated co-defendants. *Id.*, at 8.

### A. Petitioner's knowing and voluntary plea

Petitioner contends his plea of guilty is not knowing or voluntary because he "entered a plea of guilty in order to receive a sentence less than 10 years." **ECF No. 1** at 6; **5** at 3. Guilty pleas are knowing and voluntary when the "defendant 1) was not subject to coercion, 2)

understood the charges against him and 3) understood the consequences of his guilty plea." *United States v. Williams*, 48 F.4th 1, 6 (1st Cir. 2022).

The record forecloses on petitioner's contentions. First, petitioner was well aware of the purpose and consequences of his guilty plea. In his own words, the Court held a change-of-plea-hearing "[t]o sign an agreement and for [the Court] to make sure that we have been duly advised by counsel." **Crim. No. 18-597, ECF No. 1532** at 10. The Court further explained to petitioner that "the purpose of this hearing is for the Court to determine whether you knowingly, voluntarily and intelligently wish to enter a guilty plea to Count 1 of the indictment." *Id*. Immediately after, petitioner admitted that he "talked with [his] lawyers and discussed… the consequences of pleading guilty as compared to the consequences of exercising… [the] right to a jury trial." *Id*., at 11. On the other hand, petitioner's counsel reported that he "thoroughly explained to the defendant[] all the terms and conditions of [his] plea agreement[]" in the Spanish language and that petitioner had a "good understanding of all the terms and conditions of the plead agreements and what those terms and conditions mean." *Id*., at 12.[2]

As to his potential sentence, before the Court accepted his decision to change his plea, petitioner acknowledged that no one "promised [him], assured… or guaranteed… that… [he] would] receive a specific or a particular sentence in this case if [he] enter[ed] a guilty plea." *Id*., at 24. Likewise, he acknowledged that "the Court is not bound by any stipulation or

---

[2] A fact not to be ignored, is that petitioner was a former police officer, presumably knowledgeable of this core basic principles.

recommendation contained in the plea agreement[,]" and that, under Count One as charged, he was exposed to a "term of imprisonment of **not less** than ten years and not more than life in prison[.]" *Id.*, at 33 (emphasis added). Again, the Court advised petitioner and reinstated "… a term of imprisonment of not less than ten years and not more than life in prison. Do you understand that?... [Petitioner]: Yes, Judge." *Id*.

The Court went into the specific details of petitioner's plea agreement and explained, that in petitioner's particular case:

> there is also a stipulated drug quantity amount… it does not alter the statutory penalty because according to your plea agreement the parties have stipulated that you possessed at least five kilograms of cocaine but less than 15 fifteen kilograms of cocaine. So, the penalties, if you're convicted, remain as I have indicated to you; that is a term of imprisonment of **at least ten years**.

*Id.*, at 35 (emphasis added). Petitioner indicated he understood. *Id*. In light of the record highlighted above, as well as other portions not copied here, petitioner's allegations that he was under the impression that he could receive a sentence of imprisonment of less than 120 months by entering a plea of guilty cannot be credited by this Court. Ordinarily, Courts reviewing § 2255 "…would have to take petitioner's factual allegations as true, however it will not have to do so when like in this case they are contradicted by the record…" *Santana v. United States*, 980 F. Supp. 2d 126, 141 (D.P.R. 2013)(quoting *Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir. 1974)). Here, the record contradicts petitioner's unsupported assertions. Accordingly, petitioner cannot establish that his counsel's performance explaining and obtaining a favorable

plea agreement or sentence was constitutionally ineffective, nor that it prejudiced him or that he would have otherwise proceed to trial.

**B.      Petitioner's attorney's purported failure to object to the drug quantity**

Petitioner further argues that counsel failed to object to the amount of drugs "attributed to petitioner" which was "higher than the amount stipulated in the plea agreement." **ECF No. 1** at 6; **5** at 7. More specifically, he argues that counsel was ineffective for negotiating a "plea for 5 to 15 kilos of cocaine that was not enclosed in the indictment." **ECF No. 5** at 8.

Contrary to petitioner's claim, Count One of the indictment charged petitioner with "possess[ing] with intent to distribute controlled substances, to wit: one hundred (100) grams or more of a mixture or substance of heroin, a Schedule I Controlled Substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 846." **Crim. No. 18-597, ECF No. 3** at 3.

Moreover, the plea agreement stipulated that petitioner "admits he knowingly and intentionally… possess[ed] with intent to distribute at least 5 kilograms but less than 15 kilograms of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, section 846." **Crim. No. 18-597, ECF No.**

**714** at 11. During the change-of-plea hearing, the Court was particularly cautious in explaining to petitioner:

> THE MAGISTRATE: Mr. Encarnacion, in your case there is also a stipulated drug quantity amount but the stipulated drug quantity amount, although it could have a bearing on one of the sentencing guideline calculations, it does not alter the statutory penalty because according to your plea agreement the parties have stipulated that you possessed at least five kilograms of cocaine but less than fifteen kilograms of cocaine. So, the penalties, if you're convicted, remain as I have indicated to you; that is a term of imprisonment of at least ten years but not more than life in prison, a fine not greater than ten million dollars and a term of supervised release of at least five years in addition to any term of imprisonment. Do you understand that, Mr. Encarnacion? [Petitioner] Yes, Judge.

**Crim. No. 18-597, ECF No. 1532** at 35. Also, during the change-of-plea hearing, the government made a proffer of the evidence it would have presented against petitioner in a trial. The government explained:

> From 2012 until the return of the indictment, Samuel Encarnacion Nieves worked for a drug trafficking organization that used the United States Postal Service to import large amounts of cocaine, heroin and marijuana from the continental United States for further distribution in Puerto Rico. The defendant used his position as a police officer to provide valuable law enforcement intelligence to the DTO. The defendant admits he knowingly and intentionally combined, conspired, confederated and agreed with other co-defendants charged in the indictment to commit an offense against the United States of America; that is to possess with intent to distribute at least five kilograms but less than fifteen kilograms of a mixture or substance containing cocaine… Had the United States proceeded to trial, it would have presented the testimony of law enforcement agents, expert testimony from a chemist, documentary evidence, physical evidence including the seized narcotics and photographs of the seized items. Discovery was provided to the defense in a timely manner.

**Crim. No. 18-597, ECF No. 1532** at 48-49. Petitioner then admitted that the prosecutor's "proffer of evidence… [was] true." *Id*. Considering that petitioner does not claim that he has evidence to show otherwise, his claim of ineffectiveness is misplaced. Regardless of whether other co-defendants reached plea agreements stipulating a lower drug quantity, the fact remains that petitioner admitted that he possessed at least 5 but less than 15 kilograms of cocaine. And more importantly, he admitted that the government had evidence to prove it if the case reached trial. Therefore, the petition fails to meet either of *Strikland*'s prong. To wit, petitioner cannot seriously assert that counsel was ineffective for failing to object to the amount of drugs he admitted to.[3]

### C.    Other co-defendants' sentences

Petitioner also faults counsel for not objecting to his sentence. Specifically, because co-defendants received lower sentences. He also posits that counsel advised him that the other co-defendants who accepted responsibility by entering plea agreements were offered more "lenient sentences." **ECF No. 1** at 6; **5** at 4-6, 8.

Petitioner's argument is meritless. Petitioner neither points to any evidence nor even suggests that other co-defendants received lesser sentences under a plea agreement stipulating conspiracy to possess similar quantities (at least 5 kilograms of cocaine), which would carry a mandatory 120 months of imprisonment sentence. Petitioner only points to some deals struck by other co-defendants, the majority of which stipulated possession with intent to distribute

---

[3] Lastly, petitioner does not suggest he suffered any *Strickland*'s prejudice by avoiding trial via his plea agreement nor does he aver that but for counsel's alleged deficiencies he would have gone to trial.

marihuana as opposed to cocaine. *See* **ECF No. 5** at 4. Other plea agreements that included stipulations as to possession with intent to distribute cocaine also included recommendations for the mandatory 10-year-minimum sentence of imprisonment. **ECF No. 5** at 5.

Moreover, as explained before, the record shows that petitioner knew that he was entering into a plea agreement that carried a mandatory minimum sentence and that his plea agreement was different from other co-defendants. **Crim. No. 18-597, ECF No. 1532** at 35. In fact, the Court explained to petitioner that:

> THE MAGISTRATE:… your waiver of appeal… contains an expression of 120 months of imprisonment or less. The only way that the sentence can be less than 120 months of imprisonment is if the Court determines that you have complied with all the requirements of the safety valve. If the Court determines that you have not complied with all of the requirements of the safety valve, the sentence of imprisonment cannot be less than 120 months. Do you understand what I have just explained to you? . . .
>
> [Petitioner]: May I ask a question to counsel. ….
>
> THE MAGISTRATE: All right. So[…] I am going to ask you, do you understand that if the Court accepts your guilty plea and imposes an imprisonment sentence of 120 months or less, you will be waiving your right to appeal any aspect of this case's judgement and sentence including but not limited to a term of imprisonment, restitution, fine, forfeiture and the terms and conditions of supervised release.
>
> [Petitioner]: Yes, Judge.

**Crim. No. 18-597, ECF No. 1532** at 42-44. In light of the above and the record in this case, petitioner's third argument fails to meet *Strickland* by a wide margin and thus, cannot constitute Sixth Amendment challenges for collateral relview.

### D. Request for relief under the First Step Act

Finally, petitioner moves for relief under the First Step Act. In 2018, Congress enacted the First Step Act, which, in essence, "authorizes district courts to reduce the prison sentences of defendants convicted of certain offenses involving crack cocaine." *Concepción v. United States*, 597 U.S. 481, 486 (2022). Specifically, it "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Id*. However, petitioner has no viable claim under either statute.

First, petitioner does not argue that he received a sentence under pre-Fair Sentencing Act statutes or sentencing guidelines. Instead, he simply suggests that counsel was ineffective for failing to invoke the First Step Act. Petitioner fails to realize that he was sentenced a decade after the enactment of the Fair Sentencing Act and three years after the First Step Act came into effect. *See, generally, Dorsey v. United States*, 567 U.S. 260, 281 (2012)(holding that Fair Sentencing Act's new mandatory minimums apply to "those who committed an offense prior to August 3 and were sentenced after August 3 but before November 1, 2010—a period after the new Act's effective date but before the new Guidelines first took effect."). Thus, counsel was not ineffective for not raising objections under statutes that were already in place and applied to calculate petitioner's sentence.

Second, as noted by the government, Count One did not charge petitioner with any violation regarding crack cocaine. Nor does the plea agreement contain a stipulation relating to crack cocaine. **Crim. No. 18-597, ECF Nos. 3, 714.** This, per se, makes the First Step Act inapplicable.

Accordingly, petitioner cannot argue that counsel was constitutionally ineffective for failing to ask that the Court apply the First Step Act. Much less can petitioner suggest he suffered any prejudice.

### IV. Conclusion

In light of all the above, the petition at **ECF No. 1 is DENIED**. Judgment shall be entered accordingly.

### V. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Considering all the above, the Court **DENIES** the COA.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of June 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**